The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

   v.

C. PAUL SANDIFUR, JR., THOMAS G. TURNER,
ROBERT A. NESS, THOMAS R. MASTERS, DAN
W. SANDY, DAVID R. SYRE, and TRILLIUM
CORPORATION,

      Defendants.

CASE NO. C05-1631C

ORDER

I.    INTRODUCTION

      This matter has come before the Court on Defendant Sandifur's motion for a limited stay (Dkt. No. 86).  Having carefully considered the papers filed by the parties in support of and in opposition to the motion, the Court hereby DENIES the motion.

II.    BACKGROUND

      Plaintiff, the Securities & Exchange Commission ("SEC"), filed a complaint alleging that Defendants, several former executives and business associates of Metropolitan Mortgage & Securities Co. ("Metropolitan"), participated in a fraudulent scheme to mislead investors about the company's financial

ORDER - 1

1    performance.  (Compl. ¶ 1.)  Among others, the complaint named Defendant Sandifur and Defendant

2    Thomas.

3         Defendant Thomas was indicted by the Department of Justice in September 2005.  This indictment

4    was in connection with the fraud alleged in the complaint in the instant action.  In December 2005,

5    Defendant Thomas and the SEC stipulated to a limited stay of this action as to Defendant Turner only.

6         Defendant Sandifur, fearing that the DOJ's ongoing criminal investigation into the Metropolitan

7    matter may result in an indictment against him, now moves for a similar limited stay of the SEC action as

8    to himself.

9    III.    ANALYSIS

10        Defendant Sandifur argues that a stay in this action is necessary because "[t]he facts and issues

11   raised by the [complaint in this action] and those under criminal investigation are too closely related to

12   resolve simultaneously without impairment of Mr. Sandifur's right against self-incrimination."  (Mot. 2.)

13        In general, "[t]he Constitution does not ordinarily require a stay of civil proceedings pending the

14   outcome of criminal proceedings."  *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir.

15   1995).  "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel

16   civil and criminal proceedings are unobjectionable under our jurisprudence.  Nevertheless, a court may

17   decide in its discretion to stay civil proceedings when the interests of justice seem to require such action."

18   *Id.* (citations omitted).

19        The case-specific inquiry courts apply to determine whether a stay is appropriate considers the

20   following factors: (1) "the extent to which the defendant's fifth amendment rights are implicated," *id.*

21   (citing *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)); (2) "the interest of

22   the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the

23   potential prejudice to plaintiffs of a delay," *id.* at 325; (3) "the burden which any particular aspect of the

24

ORDER - 2

1    proceedings may impose on defendants," *id.*; (4) "the convenience of the court in the management of its

2    cases, and the efficient use of judicial resources," *id.*; (5) "the interests of persons not parties to the civil

3    litigation," *id.*; and (6) "the interest of the public in the pending civil and criminal litigation," *id.*

4    Plaintiff does not deny that the ongoing criminal investigation of Defendant Sandifur relates to the

5    conduct alleged in the complaint in this action.  Indeed, it appears that the subject matter of the DOJ

6    investigation overlaps 100% with the subject matter of the SEC action.  (Finegold Decl. ¶ 6 (stating that

7    the DOJ investigation involves "a subset" of the SEC action).)  Plaintiff also does not deny or contest

8    statements made by Defendant's counsel in his declaration that the DOJ had been "working 'with the

9    SEC' and 'working off of some of the SEC's work."  (*Id.*)  Plaintiff does, however, argue that a stay

10   would (1) force it to forgo discovery from a key participant in the four allegedly fraudulent transactions,

11   and (2) harm Plaintiff's and the public's interest in deterring securities fraud by promptly punishing

12   wrongdoers.

13   Having considered the factors at play in this case, the Court finds that the interests of justice do

14   not require the imposition of a stay as to the proceedings involving Defendant Sandifur.  First and

15   foremost, the Court notes that Defendant Sandifur has not yet been indicted, nor does the prospect of an

16   indictment seem certain.[1]  The mere fact that the government refused to confirm in its response papers

17   that no indictment shall issue does not operate as proof that an indictment *will* issue.  Even if the prospect

18   of an indictment were certain, or indeed, even if an indictment had already issued, courts have repeatedly

19   held that Defendant Sandifur and others like him have "no absolute right not to be forced to choose

20

---

21   [1] Different courts have used different words to discuss the degree of uncertainty about an indictment that would
     render a stay inappropriate — while Defendant Sandifur prefers to cite to *United States v. Certain Real Property*,

22   751 F. Supp. 1060, 1063 (E.D.N.Y. 1989), which uses the words "fanciful" and "imaginary", Plaintiff cites to cases
     using the words "speculative", *U.S. Commodity Futures Trading Commission v. A.S. Templeton Group, Inc.*, 297

23   F.Supp.2d 531, 535 (E.D.N.Y. 2003), and "uncertain", *State Farm Mutual Automobile Insurance Company v.
     Beckham-Easley*, 2002 U.S. Dist. LEXIS 17896, *4–10 (E.D.N.Y. 2001).  It bears noting that these three cases, all
     of which use slightly different wording, are from the same district.  From the substance of the discussion in each of

24   these cases, the Court concludes that all of these different words refer to the same level of uncertainty.

between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating*, 45 F.3d at 326.   In the present case, the Court finds that Defendant Sandifur's fears regarding asserting his Fifth Amendment privilege in the context of this civil enforcement action are simply too attenuated to justify entry of a stay given the weight of Plaintiff's (and the public's) countervailing interests.

In addition to his argument regarding his fears about potential self-incrimination, Defendant Sandifur argues that the parallel nature of this civil enforcement action and the criminal investigation into his activities may breed such irregularities as to justify entry of a stay.   Defendant relies on *United States v. Stringer*, 408 F. Supp. 2d 1083 (D. Or. 2006), and *United States v. Scrushy*, 366 F. Supp. 2d 1134 (N.D. Ala. 2005), in which courts expressed displeasure with the intertwined nature of the civil and criminal proceedings against the defendants.   Neither of these opinions, both of which granted motions to suppress, is apposite to the present situation.   First, both the *Stringer* and *Scrushy* courts noted that the SEC had virtually become a tool of the respective criminal investigations.   There is no evidence that such interaction between the SEC and the DOJ exists here.   Though there are statements in the record indicating that the DOJ is "working off some of the SEC's work," there is no indication that the DOJ is somehow directing or otherwise interfering with the SEC's conduct of its own investigation.   There is also no indication that the DOJ has accessed inappropriate material.   For these reasons, the Court finds that there is no showing of improper agency interaction as there was in *Stringer* and *Scrushy*.

Second, both the *Stringer* and *Scrushy* courts approached the problem of intertwined investigations after it was clear that the intertwined investigations had already resulted in violations of the defendants' due process rights.   Here, the injury to Defendant Sandifur's due process rights is highly speculative, given that there is as of yet no indictment against him, and no showing of improper interference by the DOJ with the SEC's enforcement action.

ORDER - 4

1     For these reasons, the Court finds that neither *Stringer* nor *Scrushy* are instructive in the present

2     case.

3     In contrast to the speculative nature of the injury to Defendant Sandifur if the stay is denied, the

4     granting of a stay would prejudice Plaintiff and negatively impact the public interest.  Defendant Sandifur

5     was Metropolitan Mortgage's chief executive officer and controlling shareholder.  He is alleged to have

6     knowledge of the false statements and omissions that form the basis of the SEC's complaint.  As Plaintiff

7     notes, a stay would force Plaintiff to forego discovery from a key participant in each of the four alleged

8     fraudulent transactions.

9     In addition to the consideration that any prejudice to Plaintiff is necessarily an injury to the public

10     interest because this is a civil enforcement action, the public also has a general interest in the expeditious

11     resolution of this case.  As Plaintiff points out, the public's interest in deterring future wrongdoing and in

12     having confidence in the integrity of the securities markets is best served by prompt resolution of this

13     case.

14     Finally, the Court itself has an interest in seeing that this civil case is not indefinitely delayed in

15     the interest of a defendant's speculative fear that his due process rights will be implicated.  A denial of the

16     stay at this juncture best serves the Court's interest in judicial efficiency and its ability to manage its

17     cases.

18     In sum, the Court finds that Defendant Sandifur's interest in a stay is outweighed by the

19     considerable burdens imposed upon Plaintiff, the public, and the Court.  Accordingly, Defendant

20     Sandifur's motion for a limited stay must be denied.

21

22

23

24

ORDER - 5

1

IV.     CONCLUSION

2

        The Court hereby DENIES Defendant Sandifur's motion for a limited stay.  Defendant Sandifur

3

may have ten judicial days from the date of entry of this order in which to file a pleading responsive to the

4

complaint.

5

6

        SO ORDERED this 19th day of June, 2006.

7

8

9                                               _____

10                                              UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER - 6