UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>    v.<br><br>C. PAUL SANDIFUR, et al.,<br><br>                Defendants. | CASE NO. C05-1631-JCC<br><br>ORDER |

      This matter comes before the Court on the Motion for Summary Judgment by Defendants Trillium Corporation and Syre. (Dkt. No. 189.) Having considered the parties' relevant submissions on the matter and determined that oral argument is unnecessary, the Court hereby rules as follows.

      Rule 56 of the Federal Rules of Civil Procedure states that a party is entitled to summary judgment in its favor "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material

ORDER – 1

fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. The moving party bears the burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is in fact a genuine issue for trial. *Anderson*, 477 U.S. at 250.

Here, Defendants Syre and Trillium argue that there is no genuine issue of material fact as to whether they "knew that Metropolitan was committing securities fraud and substantially assisted in that fraud." (Defs.' Mot. 2 (Dkt. No. 189).) This is simply not the case. There is ample evidence on the record to create a genuine issue of fact that both Syre and Trillium knew that Sandy faced no financial risk in the transaction, and that the true purpose of the relevant deal was to shield its actual terms from Metropolitan's auditors so that Metropolitan could report a gain. (*See e.g.*, Sandy Dep. 92:2–93:13 (Dkt. No. 200-3 at 17–18); Syre Dep. 126:1–130:2 (Dkt. No. 200-3 at 59–63)). Defendant Syre's contention that he did not provide substantial assistance is likewise contradicted by the SEC's factually supported allegations. (*See e.g.*, Sandy Dep. 92:2–93:13 (Dkt. No. 200-3 at 17–18) (alleging that Syre promised that Sandy would be "pa[id] right back" to insulate him from any risk).

Defendants' argument that they relied on the advice of counsel does not alter this analysis. "Advice of counsel is not regarded as a separate and distinct defense but rather as a circumstance indicating good faith which the trier of fact is entitled to consider on the issue of fraudulent intent." *United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987). Thus, Defendants' mere assertion of an advice-of-counsel defense does not create good faith as a matter of law where there are other factors that, when taken in the light most favorable to the SEC for purposes of summary judgment, suggest the opposite conclusion.

ORDER – 2

1    For the foregoing reasons, Defendants' Motion is DENIED.[1]

3    SO ORDERED this 7th day of August, 2007.

*John C. Coughenour*
John C. Coughenour
United States District Judge

---

[1] The Court declines to address the SEC's evidentiary objections because the outcome of any decision on these issues would not alter the Court's analysis. The SEC's unopposed "request" for judicial notice (Dkt. No. 201) is hereby granted.

ORDER – 3